This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42643**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**PATRICK GUTIERREZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a jury trial, Defendant appeals from the district court's judgment and sentence for trafficking controlled substances (distribution). [2 RP 331-34] Defendant contends that the evidence was insufficient to support his conviction, arguing that the State failed to establish that Defendant was the individual who sold the controlled substance during a controlled buy by police. [BIC 5-6] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (text only) (citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{3}** According to Defendant's brief in chief the following material evidence was presented at trial. Officers were conducting a number of controlled buys for controlled substances, and on the day of the purchase at issue, two officers were in a car in a Walmart parking lot acting as buyers. [BIC 1] Other officers were in the parking lot in nearby cars for security and surveillance. [BIC 1] Defendant approached the officers, the officers rolled down the window, and the officers purchased a substance that tested positive for methamphetamine from Defendant. [BIC 1-2] One of the officers in the car, Officer Latin, identified Defendant as the man who sold the methamphetamine to the officers. [BIC 2]

**{4}** A border patrol agent acting as part of the task force conducting the controlled buys testified that he watched Defendant get out of a car, approach the undercover officers conducting the controlled buy, do a "hand off," and then return to his own car. [BIC 2-3] The border patrol agent testified that he had multiple encounters with Defendant and recognized him as the man who sold methamphetamine to the undercover officers. [BIC 3]

**{5}** Defendant contends that there was insufficient evidence to support his conviction because the officers did not submit the plastic baggie for fingerprints or DNA or use facial recognition software to identify the seller. [BIC 2, 6] Defendant also cites to testimony where the officers did not remember a scar or tattoo on Defendant's hand—an identifying feature—and Defendant's own testimony that he is commonly mistaken for other members of his own family. [BIC 3, 6] But it was for the jury to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. As outlined above, both the officer who purchased the methamphetamine and an officer who observed the transaction both testified that Defendant was the individual who sold the methamphetamine. Viewing the evidence in the light most favorable to the State, we conclude this evidence is sufficient to sustain Defendant's conviction. *See Slade*, 2014-NMCA-088, ¶ 13.

**{6}** Based on the foregoing, we affirm Defendant's conviction.

**{7} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**